United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30764
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY VAN DANIELS,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-30019-RGL-KL
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gary Van Daniels appeals his guilty-plea conviction and
sentence for possession of 50 grams or more of cocaine base with
intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  The
district court sentenced Daniels to 168 months in prison and five
years of supervised release.

Daniels's conditional plea agreement permits him to appeal
the district court's denial of his motion to suppress the cocaine
base that was seized from his car on November 4, 2002, in
Winnsboro, Louisiana.  On that night, police officers acting
pursuant to the tip of a confidential informant ("CI") followed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daniels's car as he drove among several towns in northern Louisiana.  Approximately two hours after officers stopped Daniels's car in Winnsboro for a traffic violation, a Franklin Parish District Judge signed a search warrant authorizing a search of the car.  The search resulted in the seizure of approximately 222 grams of crack cocaine and 20 grams of marijuana.

Daniels now argues that the court erred in denying his motion to suppress, primarily because the affidavit on which the search warrant was based was insufficient within its "four corners" to establish probable cause to search.  He argues that the affidavit was "bare bones."  Daniels contends that the search thus did not fall with in the "good faith" exception announced in United States v. Leon, 468 U.S. 897 (1984).  Even if the Leon good-faith exception does not apply, we may affirm the denial of Daniels's suppression motion if we conclude that a warrantless search would have been supported by probable cause.  See United States v. Gbemisola, 225 F.3d 753, 759 (D.C. Cir. 2000); see also 3A WRIGHT, KING, & KLEIN, FEDERAL PRACTICE AND PROCEDURE § 666. The testimony at Daniels's state-court suppression hearing and at a supplemental hearing in federal district court showed that probable cause for the search did exist under the "automobile exception" to the Fourth Amendment's warrant requirement. See United States v. Saucedo-Munoz, 307 F.3d 344, 351 (5th Cir. 2002).  Construing the evidence "in the light most favorable" to the Government, see United States v. Laury, 985 F.2d 1293, 1314 (5th Cir. 1993), we hold that the district court did not err in

concluding that the totality of the circumstances established probable cause to believe that Daniels was transporting drugs in his car.  See Saucedo-Munoz, 307 F.3d at 351.  We affirm the district court's denial of Daniels's motion to suppress.

Daniels contends that the district court erred in denying his pre-sentencing motion for additional testing of the cocaine seized from his car.  In that motion, Daniels argued that, although testing had confirmed that the substance was cocaine base, his attorney had not informed him that, as a legal matter, "all cocaine base is not crack cocaine."  Daniels's motion was essentially a motion to conduct discovery.  Daniels has established neither a relevant legal distinction between "base" and "crack" nor that the substance in his case was "crack" but not "base."  The district court did not abuse its discretion in denying the motion.  United States v. Webster, 162 F.3d 308, 339 (5th Cir. 1999).

For the first time on appeal, Daniels argues that the Government presented no evidence at sentencing that the substance found in his car was "crack" cocaine.  This claim is reviewable for plain error only.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); see United States v. Olano, 507 U.S. 725, 732 (1993).  Daniels's Presentence Report ("PSR") stated that testing of the substance showed that it was cocaine base (or "crack" cocaine) weighing 231.30 grams.  This unrebutted PSR information bore sufficient "indicia of reliability" to support the district court's determination that crack cocaine was

involved.  See United States v. Cothran, 302 F.2d 279, 286 (5th Cir. 2002).  No error, plain or otherwise, is apparent.

We AFFIRM the conviction and sentence.